**TERRELL v. UNITED STATES.**

No. 857.

District Court, E. D. Louisiana, New Orleans Division.

Feb. 2, 1946.

Richard B. Montgomery and Wood Brown, both of New Orleans, La., for plaintiff.

Herbert W. Christenberry and Robert Weinstein, both of New Orleans, La., for defendant.

CAILLOUET, District Judge.

This action having been tried by the Court without a jury, the Court hereby makes the following findings of fact and conclusions of law:

Findings of Fact

1. Roy Terrell, plaintiff's husband, on or about August 5, 1940, executed and delivered to her as a gift, a deed covering approximately two hundred acres of land in Custer County, State of Colorado, upon which had been erected their summer home.

2. He made said gift in consummation of his previously-announced intention so to do and of plans therefor which husband and wife had considered for a period of more than ten years prior to the actual making of said gift.

3. The property so donated was and is located in the mountains of Colorado, and had been acquired by the husband through a series of purchases begun in 1937 and ended in May, 1940,—after the site had been chosen by Mrs. Terrell, in keeping with her husband's suggestion that she select the site that she desired for the establishment of the contemplated summer home, which was subsequently completed in the early part of 1940.

4. Roy Terrell, the husband, died on December 9, 1941, aged 65 years, from

cancer, which first made its presence known on July 29, 1941.

5. From 1927 until said July 29, 1941, decedent had been suffering from a mild form of diabetes, but said physical condition, of which he was fully aware, neither caused decedent's confinement nor subjected him to any disability inhibiting his continued enjoyment of an active and cheerful life: and even during his last illness and up to the time of his death, decedent, who never knew that he was suffering from cancer nor realized his serious condition, hopefully looked forward to the day when he might resume his ordinary activities.

6. At the time that Roy Terrell executed the abovementioned gift deed to his wife, in August, 1940, he was then of a cheerful and active disposition, in no manner giving thought to the prospect of death or making plans in anticipation thereof, and his execution of said deed was not done in contemplation of death nor with the intention that the transfer thereby evidenced should only take effect in possession or enjoyment at or after his death, nor, particularly, did he intend to reserve or retain unto himself any right or control over said property so transferred to plaintiff.

7. All property still standing in the name of decedent Roy Terrell at his death on December 9, 1941, belonged to the community of acquets and gains existing between him and his surviving wife, plaintiff Anina Terrell. His one-half interest therein was of the value of One Hundred and Twenty Thousand, One Hundred and Seventy-Four and 23/100 ($120.174.23) Dollars, while the property that he had so transferred by gift to his wife, on August 5, 1940, or within two (2) years prior to his death, was valued at the sum of Ten Thousand ($10,000) Dollars, as of the time of death.

8. Plaintiff Anina Terrell was judicially recognized not only as surviving spouse in community of the deceased Roy Terrell, but as his sole heir and universal legatee, under the provisions of his duly homologated last will and testament, and accordingly she was sent into and placed in possession of not only one-half of the community property, but also of his entire estate, on January 21, 1942.

9. She here sues to recover One Thousand Three Hundred and Sixty-One and 50/100 ($1,361.50) Dollars, being the amount by her paid under protest as additional estate tax upon a deficiency assessment of Five Thousand and No/100 ($5,000) Dollars, representing one-half of the value of $10,000 ascribed to the donated property in question, according to the parties' stipulation on file herein.

### Conclusions of Law

1. The execution and delivery of the deed, on or about August 5, 1940, by Roy Terrell to his wife, Anina Terrell, constituted a valid and complete transfer of property, sufficient to vest title to the property involved in the donee, under the laws of the State of Colorado.

2. A gift made by one within two years of his death is legally presumed to have been made in contemplation of death and the property donated is, therefore, to be considered as included within the decedent's estate, for the purpose of computing such Federal estate tax as may be due and collectible. However, said presumption is rebuttable.

3. The presumption that once so existed herein against the gift made by Roy Terrell, now deceased, to his wife Anina Terrell, plaintiff herein, on or about August 5, 1940, or within two years of his death on December 9, 1941, has been successfully rebutted and overcome, in view of the established facts reflected by the findings of fact hereinabove.

4. The one-half of the stipulated $10,000 value of the property transferred from husband to wife, was and is, therefore, not legally within the deceased Roy Terrell's estate for computation of the Federal estate tax due and collectible.

5. Plaintiff Anina Terrell is, therefore, entitled to a refund of the sum of One Thousand Three Hundred and Sixty-One and 50/100 ($1,361.50) Dollars by her so paid under protest, with interest thereon at the rate of six (6%) per cent. per annum from March 1, 1943, the date of payment; and, accordingly, judgment therefor should be entered.

Let such judgment, therefore, be forthwith so entered.